# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| BRADLEY SANSON | § | |
| | § | |
| v. | § | Civil Action No. 4:17-CV-00733 |
| | § | Judge Mazzant |
| ALLSTATE TEXAS LLOYDS | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Allstate Texas Lloyds' ("Allstate") 12(b)(7) Motion to Dismiss for Failure to Join an Indispensable Party (Dkt. #16). Having reviewed the motion and relevant pleadings, the Court finds that the motion should be denied.

## BACKGROUND

On March 23, 2016, Plaintiff Bradley Sanson's property located at 860 Lake Vista Lane, Lavon, Texas 75166 ("the Property") suffered incredible damage due to storm related conditions. Prior to the storm, Plaintiff Bradley Sanson and his wife, Vicki Sanson, purchased a residential insurance policy from Defendant Allstate to cover the Property for loss caused by storm-related events. After the storm, Plaintiff submitted a claim to Defendant and disputes arose between the parties during the attempted settlement of the claim.

On August 31, 2017, Plaintiff filed his original petition in the 417th Judicial District Court of Collin County, Texas against Defendant alleging breach of contract, violations of the Texas Deceptive Trade Practice Act and tie-in statutes, violations of the Texas Insurance Code, beach of common-law duty of good faith and fair dealing, and unfair insurance practices. On October 12, 2017, Defendant removed the action to the Court. On April 13, 2018, Defendant filed the present motion to dismiss for failure to join an indispensable party (Dkt. #16). Plaintiff filed a response

in opposition to Defendant's motion to dismiss on April 26, 2018 (Dkt. #19). Finally, on May 1, 2018, Defendant filed a reply to Plaintiff's response (Dkt. #20).

## LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(7) alleges that a plaintiff has failed to join a party under Rule 19. FED. R. CIV. P. 12(b)(7). In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(7), the Court makes two inquiries under Rule 19. The Court must first determine under Federal Rule of Civil Procedure 19(a) whether a person should be joined to the lawsuit. "If joinder is warranted, then the person will be brought into the lawsuit. But if such joinder would destroy the court's jurisdiction, then the court must determine under Rule 19(b) whether to press forward without the person or to dismiss the litigation." *HS Res., Inc. v. Wingate*, 327 F.3d 432, 439 (5th Cir. 2003); *August v. Boyd Gaming Corp.*, 135 F. App'x 731, 732 (5th Cir. 2005). In this case, the burden is on Defendant, as the movant, to show that Vicki Sanson is a necessary and required party. *See Payan v. Cont'l Tire N. Am., Inc.*, 232 F.R.D. 587, 589 (S.D. Tex. 2005).

## ANALYSIS

Defendant asks the Court to dismiss the suit for failing to join Vicki Sanson alleging that she is an indispensable party. Plaintiff asserts that Vicki Sanson is not a necessary party.

Rule 19(a) provides:

> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if: (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

FED. R. CIV. P. 19(a).

Defendant primarily argues that Vicki Sanson "has an interest relating to the subject of the lawsuit and is so situated as a named insured that disposing of this action in her absence may very well leave Defendant subject to a substantial risk of incurring, double, multiple, or otherwise inconsistent obligations concerning the interests at issue." (Dkt. #13 at p. 3). Inconsistent obligations occur when an existing party cannot comply with one court's order without breaching the order of another court that pertains to the same incident. *Immobiliaria Axias, S.A. de C.V. v. Robles Intern. Serv., Inc.*, No. EP-07-CA-00269-KC, 2007 WL 2973483, at 6 (W.D. Tex. Oct. 11, 2007) (citing *Delgado v. Plaza Las Americas Inc.*, 139 F.3d 1, 3 (1st Cir. 1998); *see James v. Valvoline, Inc.*, 159 F. Supp. 2d 544, 551 (S.D. Tex. 2001). However, Defendant also points out, in its reply, that if the Court dismissed this case, Plaintiff would not be able to refile suit as it would be barred by the applicable statute of limitations (Dkt. #20 at p.2). As such, any argument that Vicki Sanson could file her own lawsuit at this point in time and open up the possibility of double, multiple, or inconsistent obligations is disingenuous. Moreover, if Vicki Sanson's claim is not time-barred, either res judicata or collateral estoppel would likely bar any claim Vicki Sanson could bring regarding the same incident. As such, the Court finds it unlikely for Defendant to incur double, multiple, or inconsistent obligations in this case due to Vicki Sanson's absence.

Defendant additionally contends that the Court will be unable to accord complete relief in this case. Defendant provides no argument or case law in support of this argument. (*See* Dkt. #16 at p. 3 ("Further, without her joinder, complete relief cannot be accorded between those already parties.")). "The definition of 'complete relief' under Rule 19(a)(1) refers to relief as between the persons already parties, not as between a party and the absent person whose joinder is sought." *Ortiz v. A.N.P., Inc.*, 10-CV-917, 2010 WL 3702595, at *4 (S.D. Tex. Sept. 15, 2010). The Court

finds that Defendant has not met its burden to show that the Court would not be able accord complete relief without the joinder of Vicki Sanson.

Finally, and alternatively, Defendant argues that Vicki Sanson's "rights and obligations will undoubtedly be the subject of discovery and ultimately a trial on the merits . . . [and] must be joined in this action to allow her to protect such rights and obligations as necessary to ensure they are not in any way impaired or impeded in her absence." (Dkt. #16 at p. 3). However, Defendant also acknowledges that Vicki Sanson, is a named insured on the same policy as Plaintiff, and has "rights and obligations identical to those belonging to Plaintiff." (Dkt. #16 at p. 3). While Vicki Sanson is not the same person as Plaintiff, her interests are adequately represented by Plaintiff in this suit. The Court finds that this argument is insufficient to show that Vicki Sanson's rights would be impaired or impeded in her absence. Thus, the Court finds that Defendant failed to meet its burden to show that Vicki Sanson is a required and necessary party and need not move to the next inquiry.

## CONCLUSION

It is therefore **ORDERED** that Defendant Allstate Texas Lloyds' 12(b)(7) Motion to Dismiss for Failure to Join an Indispensable Party (Dkt. #16) is hereby **DENIED**.

**SIGNED this 31st day of July, 2018.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE