# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| BRADLEY SANSON | § | |
| --- | --- | --- |
| | § | |
| v. | § | Civil Action No. 4:17-CV-00733 |
| | § | Judge Mazzant |
| ALLSTATE TEXAS LLOYDS | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court are Defendant Allstate Texas Lloyds's Motion for Leave to File its Motion to Strike Expert Testimony of Phil Mayfield ("Motion for Leave") (Dkt. #22) and Allstate Texas Lloyds's Motion to Strike Expert Testimony of Phil Mayfield ("Motion to Strike") (Dkt. #23). Having considered the motion and the relevant pleadings, the Court finds that the Motion for Leave should be granted and the Motion to Strike should be granted in part and denied in part.

## BACKGROUND

This case arises out of an insurance dispute in which Plaintiff Bradley Sanson ("Sanson") seeks full recovery for damage to his residential property located at 860 Lake Vista Lane, Lavon, Texas 75166 (the "Property") from Defendant Allstate Texas Lloyds ("Allstate") after a hail/windstorm that took place on March 23, 2016. The center of the dispute is damage to the Property's exterior brick veneer.

Sanson filed his Original Petition in the 417th Judicial District Court of Collin County, Texas on August 31, 2017. Allstate removed the action to the Eastern District of Texas, Sherman Division on October 12, 2017. On January 4, 2018, the Court entered its Scheduling Order (Dkt. #11). The Scheduling Order established March 1, 2018, as the deadline for Sanson's disclosure of expert testimony pursuant to Federal Rule of Civil Procedure 26(a) and Local Rule

CV-26(b) (Dkt. #11). Further, the Scheduling Order required any objection to Sanson's expert witnesses be filed six weeks after the disclosure was made (Dkt. #11). On March 1, 2018, Sanson served Allstate with "Plaintiff's Expert Designation and Report," which designated Phil Mayfield ("Mayfield") as a retained expert in the case (Dkt. #22, Exhibit A at pp. 1–2). The designation stated that Mayfield was a "roofing consultant specialist" and identified that he would testify on "issues surrounding causation, the effect of the subject storm in this matter upon the subject property, and the structural damage, both actual and consequential, that resulted from the same." (Dkt. #22, Exhibit A at p. 2).

On June 6, 2018, Allstate filed the present Motion for Leave (Dkt. #22) and Motion to Strike (Dkt. #23). Sanson filed a response to the Motion for Leave on June 20, 2018 (Dkt. #26) to which Allstate filed a reply on June 27, 2018 (Dkt. #33). Sanson additionally filed a response to the Motion to Strike on June 20, 2018 (Dkt. #27) and Allstate filed its reply on June 27, 2018 (Dkt. #34).

## LEGAL STANDARD

A party offering an expert witness must disclose the witness as an expert and must comply with the Federal Rules of Civil Procedure regarding such disclosure. Federal Rule of Civil Procedure 26(a)(2)(B) requires that "if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving testimony," then the disclosure must be accompanied by a written report that is written and prepared by the witness. FED. R. CIV. P. 26(a)(2)(B). An expert report must be "detailed and complete . . . to avoid the disclosure of 'sketchy and vague' expert information." *Sierra Club, Lone Star Chapter v. Cedar Point Oil Co.*, 73 F.3d 546, 571 (5th Cir. 1996). This report must include: (1) a statement of all opinions the witness will express and the reasons for them; (2) the

facts considered in forming the opinions; (3) exhibits that support them; (4) the witness's qualifications and list of publications the witness authored in the last ten years; (5) a list of all other cases in which the witness was an expert for the last four years; and (6) and a statement of compensation. *Id.*

If an expert is properly disclosed, the expert is admissible if it meets the standard set out in the Federal Rules of Evidence. Federal Rule of Evidence 702 provides for the admission of expert testimony that assists the trier of fact to understand the evidence or to determine a fact in issue. FED. R. EVID. 702. A district court must make a preliminary determination, when requested, as to whether the requirements of Rule 702 are satisfied with regard to a particular expert's proposed testimony. *See Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592–93 (1993). Courts act as gatekeepers of expert testimony "to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999). The party offering the expert's testimony has the burden to prove by a preponderance of the evidence that: (1) the expert is qualified; (2) the testimony is relevant to an issue in the case; and (3) the testimony is reliable. *Daubert*, 509 U.S. at 590–91.

In deciding whether to admit or exclude expert testimony, the Court should consider numerous factors. *Daubert*, 509 U.S. at 594. In *Daubert*, the Supreme Court offered the following, non-exclusive list of factors that courts may use when evaluating the reliability of expert testimony: (1) whether the expert's theory or technique can be or has been tested; (2) whether the theory or technique has been subjected to peer review and publication; (3) the known or potential rate of error of the challenged method; and (4) whether the theory or technique is generally accepted in the relevant scientific community. *Id.* at 593–94; *Pipitone*, 288 F.3d at 244. When

evaluating *Daubert* challenges, courts focus "on [the experts'] principles and methodology, not on the conclusions that [the experts] generate." *Daubert*, 509 U.S. at 595.

The *Daubert* factors are not "a definitive checklist or test." *Id.* at 593. As the Supreme Court has emphasized, the *Daubert* framework is "a flexible one." *Id.* at 594. The test for determining reliability can adapt to the particular circumstances underlying the testimony at issue. *Kuhmo*, 526 U.S. at 152. Accordingly, the decision to allow or exclude experts from testifying under *Daubert* is committed to the sound discretion of the district court. *St. Martin v. Mobil Expl. & Producing U.S., Inc.*, 224 F.3d 402, 405 (5th Cir. 2000) (citations omitted).

## ANALYSIS

### I. Motion for Leave

Defendant argues that the Court should allow the Motion to Strike because Plaintiff did not disclose the scope of Mayfield's expertise and the initial disclosure did not comply with Federal Rule of Civil Procedure 26. While the Court notes that Defendant could have sought relief earlier, the Court finds allowing the Motion to Strike in this case appropriate in order for the Court to properly serve its gate-keeping function.

### II. Motion to Strike

Defendant moves to strike Mayfield because (A) a roofing expert is not relevant to any issue in the case; (B) he is not designated as a brick veneer damage expert; and (C) he cannot testify as a brick veneer damage expert pursuant to Federal Rule of Evidence 702. The Court will address each argument in turn.

#### A. Roofing Expert

Defendant asserts that Mayfield is designated as a roofing expert, which it contends is not at issue in the suit (Dkt. #23 at p. 3 n.2 ("It is undisputed that Allstate paid insurance benefits for

Plaintiff's covered roof damage in connection with this claim.")). Plaintiff agrees that the roof is not at issue in this case (Dkt. #26 at p. 2 ("To be clear, the entire roofing system was already paid by Defendant back in 2016 and this litigation has never involved the roofing system damages on Plaintiff's property.")). Accordingly, Plaintiff failed to meet his burden to show that, in his capacity as a roofing consultant expert, Mayfield is relevant to any issue in the case. *Daubert*, 509 U.S. at 590–91. Therefore, the Court finds that the Motion to Strike should be granted as to Mayfield in his capacity a roofing consultant expert.

### B. Designation

Defendant maintains that Mayfield cannot testify as to the brick veneer damage because he is not designated as a brick veneer expert. Plaintiff responds that he is "unequivocally designating Phil Mayfield as a causation expert concerning the damages in this case" and Mayfield is actually a building envelope consultant, claims the building envelope "comprises the entire exterior of a building, including but not limited to *both the roof and exterior elevations*" (Dkt. #27 at p. 3 (footnote omitted)). Plaintiff then proceeded to file an amended expert designation, attached to the response as Exhibit C. Allstate objected to Exhibit C on multiple grounds: (1) the designation was untimely; (2) the designation did not comply with Federal Rule of Civil Procedure 26(a)(2)(A) and (B) or Local Rule CV-26(b)(1);[1] (3) Mayfield's CV is not properly attached to the designation; and (4) the designations stated Mayfield is a building envelope consultant but does not identify any specialized knowledge as to brick veneer damage.[2]

---

[1] The Court notes that Defendant generally maintains that the disclosure is not compliant with Federal Rule of Civil Procedure 26 or Local Rule 26 without specifically identifying how the disclosure insufficient.

[2] As opposed to an argument as to why the designation is improper, the Court treats this as an attack on Mayfield's qualifications. However, if it is meant to be an argument as to the sufficiency of the designation, the Court's analysis equally applies to this argument.

Whether Plaintiff's Second Amended Expert Designation and Report complies with the rules or not, the Court finds Defendant is not prejudiced or suffering from any surprise by this witness. Under Rule 37(c), "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial unless the failure was substantially justified or harmless." *Torres v. City of San Antonio*, No. SA:14-CV-555-DAE, 2014 WL 7339122 at *1 (W.D. Tex. Dec. 23, 2014).

When evaluating whether a violation of Rule 26 is harmless for purposes of Rule 37(c)(1), the Court looks to four factors: (1) the explanation for the failure to disclose; (2) the importance of the testimony/evidence; (3) potential prejudice to the opposing party in allowing the testimony/evidence; and (4) the possibility of a continuance to cure such prejudice. *Torres*, 2014 WL 7339122 at *1; *Hamburger v. State Farm Mut. Auto Ins. Co.*, 361 F.3d 875, 883 (5th Cir. 2004). While neither party specifically pointed the Court to these factors, the Court must engage in the analysis based on the facts of this case.

### 1. Plaintiff's Explanation

Plaintiff asserted that the initial designation stating Mayfield was to serve as a roofing expert in this case was a "clerical error", an "oversight", and was made as the result of a mistake that occurred when tailoring Mayfield's designation from another, similar federal case. Further, Plaintiff maintains that he did not need to fully comply with Federal Rule of Civil Procedure 26 by March 1, 2018 because Plaintiff was only required to disclose the areas of his expert's testimony by this deadline.

Regardless of the one sentence that was an error, Plaintiff admittedly failed to comply with the federal and local rules by the March 1, 2018 deadline. The Scheduling Order states that March

1, 2018, is the deadline for "Plaintiff's disclosure of expert testimony pursuant to Fed. R. Civ. P. 26(a)(2) and Local Rule CV-26(b)."  (Dkt. #11).  The Scheduling Order does not instruct Plaintiff to identify the area of expert testimony and allow a full designation at a later date.  As such, the Court finds this factor weighs in favor of excluding Mayfield.

### 2.  Importance

Under the second factor, the Court must consider the importance of Mayfield's testimony.  However, "[t]he importance of such proposed testimony cannot singularly override the enforcement of local rules and scheduling orders."  *Barrett v. A. Richfield Co.*, 95 F.3d 375, 381 (5th Cir. 1996).  While Plaintiff does not specifically argue the level of Mayfield's importance, Plaintiff designates Mayfield as "a causation expert concerning the damages in this case."  (Dkt. #27 at p. 3).  In an insurance dispute where the parties dispute the cause of damage to the Property, causation is important to the case.  This factor weighs in favor of allowing the late amendment and not excluding Mayfield.

### 3.  Potential Prejudice

While Defendant argued that Plaintiff failed to comply with the rules and amended their designations late, Defendant failed to identify any actual or potential prejudice the late and insufficient disclosure had or could have in this case.  That is likely because none can be articulated.  According to both Plaintiff and Defendant, both parties know, and have known, that the only asserted damage is the brick veneer.  Neither party suggested to the Court that the roof was ever at issue in this lawsuit.  As such, any attempted assertion that Defendant is surprised by the scope of Mayfield's expert testimony is unavailing.  Further, according to Defendant, Plaintiff produced Mayfield's expert report on May 3, 2018; Mayfield produced documents in response to Defendant's Subpoena Duces Tecum on May 9, 2018; and Defendant had the opportunity to

7

depose Mayfield regarding his full report and these documents on May 9, 2018. Accordingly, the Court fails to find any prejudice to Defendant by a late and perhaps deficient designation and this factor weighs heavily in favor of allowing the late amendment and not excluding Mayfield.

### 4. Continuance

A continuance is the preferred means of dealing with a party's attempt to designate a witness out of time. *Campbell v. Keystone Aerial Surveys,* 138 F.3d 996, 999 (5th Cir. 1998). This needs to be balanced against a trial court's need to control its docket. Since the Court found there is no prejudice, there is no need to cure prejudice. However, if there is any prejudice, it could be cured by granting a continuance of the discovery deadline. The Pretrial Conference is currently scheduled for August 31, 2018, with trial to occur between October 1, 2018, and October 26, 2018. This allows time for the parties to engage in additional discovery, if needed. Therefore, the fourth factor weighs against exclusion and in favor of accepting Plaintiff's amended designations. Because three out of the four factors weigh in favor of allowing the amendment and against exclusion, the Court finds the late and perhaps deficient amendment is harmless and overrules the objection to Exhibit C. Accordingly, Plaintiff designated Mayfield as a building envelope consultant to discuss causation of damage to the brick veneer in this case.

### C. Federal Rule of Evidence 702

Defendant argues, notably without citation to any case law, that, even if properly designated, "Mayfield lacks the scientific, technical, or other specialized knowledge" to serve as a brick veneer damage expert, "his testimony is not based on sufficient facts or data", that his testimony is not "the product of reliable principles and methods", and he "has not reliably applied the principles and methods to the facts of this case." (Dkt. #23 at p. 7). Plaintiff counters that he is qualified and meets all criteria established in Rule 702.

1. **Qualifications**

Defendant asserts that Mayfield's deposition exhibits and deposition testimony demonstrate that he is not qualified as an expert on the topic of brick veneer damage. Plaintiff responds that, as a building envelope consultant, Mayfield is qualified to testify as to the damage to the brick veneer of the Property.

As support for Mayfield's qualifications, Plaintiff attaches an excerpt from Mayfield's deposition transcript ("Exhibit B") and an affidavit from Mayfield ("Exhibit D"). Defendant objects to both exhibits. First, as to Exhibit B, Defendant objects that it is not properly authenticated (Dkt. #34 at p. 1). However, Defendant disregards the fact that Defendant itself submitted a majority of Mayfield's deposition transcript, including the excerpts submitted by Plaintiff, as an exhibit to its Motion Strike without objection (Dkt. #23, Exhibit B). Accordingly, because the deposition excerpts are already part of the record for this motion, the Court overrules the objection. As to Exhibit D, Defendant objects that Mayfield's affidavit is conclusory and self-serving. The Court finds Defendant's argument unpersuasive and overrules the objection.

Based on Mayfield's affidavit and deposition testimony, Mayfield is a building envelope consultant, meaning that he is a consultant regarding the exterior of a building or residential property (Dkt. #23, Exhibit B at 20:10–23). Further, Mayfield has "inspected well over 1,000 buildings possessing brick masonry veneer . . . with a specific focus on identifying damage from various causes." (Dkt. #27, Exhibit D at p. 2). While the Court acknowledges that Mayfield also testified that much of his business does involve roof practice, this goes to the weight of Mayfield's testimony, rather than his admissibility and should be left to the jury's consideration. *See United States v. 14.38 Acres of Land Situated in Leflore Cty., Miss.*, 80 F.3d 1074, 1077 (5th Cir. 1996). Accordingly, the Court finds that Mayfield's occupation as a building envelope consultant and

principal at PSM Consultants and his experience with brick masonry veneer properly qualify Mayfield to testify as to causation in this case pursuant to Federal Rule of Evidence 702.

### 2. Methodology

Defendant summarizes portions of Mayfield's deposition transcript, which Defendant claims demonstrate Mayfield did not pull certain data prior to his inspection and did not do certain testing prior to making his report. According to Defendant, this shows Mayfield's methodology is flawed and unreliable. Plaintiff responds that the method Mayfield used is the same method used by Defendant's expert.

"As a general rule, questions relating to the bases and sources of an expert's opinion affect the weight to be assigned that opinion rather than its admissibility and should be left for the jury's consideration." *14.38 Acres of Land Situated in Leflore Cty., Miss.*, 80 F.3d at 1077. Defendant's argument goes to the weight to be given Mayfield's testimony, which should be left to the trier of fact. Therefore, the Court finds that Mayfield's testimony should not be stricken as to the causation of the brick veneer damage to the Property.

## CONCLUSION

It is therefore **ORDERED** Defendant Allstate Texas Lloyds's Motion for Leave to File its Motion to Strike Expert Testimony of Phil Mayfield (Dkt. #22) is hereby **GRANTED** and Allstate Texas Lloyds's Motion to Strike Expert Testimony of Phil Mayfield ("Motion to Strike") (Dkt. #23) is hereby **GRANTED in part and DENIED in part**. The Motion to Strike is granted, in that Mayfield shall not testify as to roof damage because it is not relevant to the issues in the case; however, the Motion to Strike is denied in all other respects.

**SIGNED this 6th day of August, 2018.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE