# United States District Court

**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| BRADLEY SANSON | § | |
| | § | |
| v. | § | Civil Action No. 4:17-CV-00733 |
| | § | Judge Mazzant |
| ALLSTATE TEXAS LLOYDS | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court are Allstate Texas Lloyds's Combined Objections to Plaintiff's Fourth Amended Expert Designation and Report and Motion to Reconsider Memorandum Opinion and Order (Dkt. #56) and Plaintiff's Opposed Motion for Leave to File Fifth Amended Expert Designation and Report (Dkt. #61). Having reviewed the motions, the Court finds that Defendant's motion should be denied and Plaintiff's motion should be granted.

## BACKGROUND

This case arises out of an insurance dispute in which Plaintiff Bradley Sanson ("Sanson") seeks full recovery for damage to his residential property located at 860 Lake Vista Lane, Lavon, Texas 75166 (the "Property") from Defendant Allstate Texas Lloyds ("Allstate") after a hail/windstorm that took place on March 23, 2016. The center of the dispute is damage to the Property's exterior brick veneer.

Sanson filed his Original Petition in the 417th Judicial District Court of Collin County, Texas on August 31, 2017. Allstate removed the action to the Eastern District of Texas, Sherman Division on October 12, 2017. On January 4, 2018, the Court entered its Scheduling Order (Dkt. #11). The Scheduling Order established March 1, 2018, as the deadline for Sanson's disclosure of expert testimony pursuant to Federal Rule of Civil Procedure 26(a) and Local Rule

CV-26(b) (Dkt. #11).  Further, the Scheduling Order required any objection to Sanson's expert witnesses be filed six weeks after the disclosure was made (Dkt. #11).

On March 1, 2018, Sanson served Allstate with "Plaintiff's Expert Designation and Report," which listed Plaintiff's retained experts as Scott G. Hunziker ("Hunziker") of the Voss Law Firm as an expert on reasonable attorneys' fees, Max Judge ("Judge") as an expert regarding roof damage and additionally any testimony included within his report, and Phil Mayfield ("Mayfield") as a roofing consultant specialist (Dkt. #56, Exhibit 1 at pp. 2–3).

On June 6, 2018, Plaintiff filed his first amended designations listing Plaintiff's retained experts as Judge and Mayfield, not changing their scope, and listing as a non-retained expert Hunziker, again not changing his scope (Dkt. #56, Exhibit 2 at pp. 2–3).  Plaintiff additionally listed as fact witnesses with expert opinions: Marc B. Blackson ("Blackson"), who would be testifying about his visit to the Property, his observations of the damage, and observations of damage regarding other homes; Mike Smith ("Smith"), who would be testifying about his inspection of the Property, costs associated with the remediation of hail-damaged brick veneer, and damage to neighboring brick residences; and Charles Nix ("Nix"), who would testify regarding the original construction of the Property (Dkt. #56, Exhibit 2 at pp. 2–4).

Additionally, on June 6, 2018, Defendant filed a motion to strike Mayfield (Dkt. #23).  In response, on June 20, 2018, Sanson filed his second amended designations, the only material changes to this designation were changing Mayfield from a roofing consultant specialist to a building envelope consultant and adding Derrick W. Kennimer ("Kennimer") to the list of fact witnesses with expert opinions regarding the condition of the Property (Dkt. #56, Exhibit 3 at pp. 2, 4).  The Court denied Defendant's motion to strike (Dkt. #48).

On June 27, 2018, Plaintiff filed his third amended designations, removing Blackson as a fact witness with expert opinions in response to Defendant's motion for leave (Dkt. #24) and subsequent motion to strike Blackson (Dkt. #25). Based on this amended designation, the Court denied as moot the motion to strike (Dkt. #49). The third amended designation shows no other material changes to the designations.

On July 31, 2018, Plaintiff filed his fourth amended designations, removing Kennimer as a fact witness with expert opinions in response to Defendant's motion for leave (DKt. #37) and subsequent motion to strike Kennimer (Dkt. #38). Based on this amended designation, the Court denied as moot the motion to strike (Dkt. #50). Additionally, Plaintiffs changed the designation of Judge to testifying about the property damage, as opposed to roof damage, and structural and cosmetic damage suffered by Plaintiffs, as opposed to structural and cosmetic damage to the roof (Dkt. #58, Exhibit 5 at p. 1). There were no other material changes to the designation.

On August 16, 2018, filed the present objections to Plaintiffs' Fourth Amended Designation and Motion to Reconsider the Court's order denying Defendant's motion to strike Mayfield (Dkt. #56). Plaintiff filed a response on August 28, 2018 (Dkt. #69).

On August 17, 2018, Plaintiff filed the present motion for leave to file his fifth amended expert designation in order to change his non-retained expert on attorneys' fees from Hunziker, who is no longer with the Voss Law Firm, to his replacement Paul Simon ("Simon") of the Voss Law Firm (Dkt. #64 at p. 3). No other material changes were made to the designations. Defendant filed a response on August 22, 2018 (Dkt. #66).

**LEGAL STANDARD**

**I.      Motion for Reconsideration**

A motion seeking reconsideration may be construed under Federal Rule of Civil Procedure 54(b), 59(e), or 60(b) depending on the circumstances.  "The Fifth Circuit recently explained that 'Rule 59(e) governs motions to alter or amend a final judgment,' while 'Rule 54(b) allows parties to seek reconsideration of interlocutory orders and authorizes the district court to revise at any time any order or other decision that does not end the action.'"  *Dolores Lozano v. Baylor Univ.*, No. 6:16-CV-403-RP, 2018 WL 3552351, at *1 (W.D. Tex. July 24, 2018) (quoting *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017)).  Further, "'[i]nterlocutory orders,' such as grants of partial summary judgment, 'are not within the provisions of 60(b), but are left within the plenary power of the court that rendered them to afford such relief from them as justice requires [pursuant to Rule 54(b)]."  *McKay v. Novartis Pharm. Corp.*, 751 F.3d 694, 701 (5th Cir. 2014) (quoting *Zimzores v. Veterans Admin.*, 778 F.2d 264, 266 (5th Cir. 1985)) (citing *Bon Air Hotel, Inc. v. Time, Inc.*, 426 F.2d 585, 862 (5th Cir. 1970)).

Because this is a motion seeking reconsideration of an interlocutory order, the Court uses Federal Rule of Civil Procedure 54(b).  "Federal Rule of Civil Procedure 54(b) provides that, in a case involving multiple claims or parties, 'any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities or fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.'"  *Blundell v. Home Quality Care Home Health Care, Inc.*, No. 3:17-cv-1990-L-BN, 2018 WL 276154, at *4 (N.D. Tex. Jan. 3, 2018) (quoting Fed. R. Civ. P. 54(b)).  "Under Rule 54(b), 'the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or

4

clarification of the substantive law.'" *Austin*, 864 F.3d at 336 (quoting *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990), *abrogated on other grounds*, *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 n.14 (5th Cir. 1994)).

## II.    Expert Designations

A party offering an expert witness must disclose the witness as an expert and must comply with the Federal Rules of Civil Procedure regarding such disclosure.  Federal Rule of Civil Procedure 26(a)(2)(B) requires that "if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving testimony," then the disclosure must be accompanied by a written report that is written and prepared by the witness.  FED. R. CIV. P. 26(a)(2)(B).  An expert report must be "detailed and complete . . . to avoid the disclosure of 'sketchy and vague' expert information."  *Sierra Club, Lone Star Chapter v. Cedar Point Oil Co.*, 73 F.3d 546, 571 (5th Cir. 1996).  This report must include: (1) a statement of all opinions the witness will express and the reasons for them; (2) the facts considered in forming the opinions; (3) exhibits that support them; (4) the witness's qualifications and list of publications the witness authored in the last ten years; (5) a list of all other cases in which the witness was an expert for the last four years; and (6) and a statement of compensation.  *Id.*

If an expert is properly disclosed, the expert is admissible if it meets the standard set out in the Federal Rules of Evidence.  Federal Rule of Evidence 702 provides for the admission of expert testimony that assists the trier of fact to understand the evidence or to determine a fact in issue.  FED. R. EVID. 702.  A district court must make a preliminary determination, when requested, as to whether the requirements of Rule 702 are satisfied with regard to a particular expert's proposed testimony.  *See Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592–93 (1993).  Courts act

as gatekeepers of expert testimony "to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999). The party offering the expert's testimony has the burden to prove by a preponderance of the evidence that: (1) the expert is qualified; (2) the testimony is relevant to an issue in the case; and (3) the testimony is reliable. *Daubert*, 509 U.S. at 590–91.

In deciding whether to admit or exclude expert testimony, the Court should consider numerous factors. *Daubert*, 509 U.S. at 594. In *Daubert*, the Supreme Court offered the following, non-exclusive list of factors that courts may use when evaluating the reliability of expert testimony: (1) whether the expert's theory or technique can be or has been tested; (2) whether the theory or technique has been subjected to peer review and publication; (3) the known or potential rate of error of the challenged method; and (4) whether the theory or technique is generally accepted in the relevant scientific community. *Id.* at 593–94; *Pipitone*, 288 F.3d at 244. When evaluating *Daubert* challenges, courts focus "on [the experts'] principles and methodology, not on the conclusions that [the experts] generate." *Daubert*, 509 U.S. at 595.

The *Daubert* factors are not "a definitive checklist or test." *Id.* at 593. As the Supreme Court has emphasized, the *Daubert* framework is "a flexible one." *Id.* at 594. The test for determining reliability can adapt to the particular circumstances underlying the testimony at issue. *Kuhmo*, 526 U.S. at 152. Accordingly, the decision to allow or exclude experts from testifying under *Daubert* is committed to the sound discretion of the district court. *St. Martin v. Mobil Expl. & Producing U.S., Inc.*, 224 F.3d 402, 405 (5th Cir. 2000) (citations omitted).

# ANALYSIS

## I.      Motion to Reconsider

Defendant argues that the Court should reconsider its ruling on Defendant's motion to strike Mayfield because the Court used the Second Amended Designation, which was not the live designation at the time and which Plaintiff failed to inform the Court of prior to ruling on the Mayfield motion.  However, Defendant fails to acknowledge that the third, fourth, and now fifth amended designations make no material change to the Mayfield designation or the scope of Mayfield's expertise.  Therefore, the Court finds there is no reason to reconsider its prior ruling based on the new designations.

## II.      Motion for Leave and Objections

On August 17, 2018, Plaintiff asked the Court for leave to file its Fifth Amended Designation to replace Hunziker with Simon as Plaintiffs' attorneys' fees expert because Hunzkier is no longer with the Voss Law Firm.  Defendant argues that Court should deny the motion because the late designation of Simon prejudices Defendant.  Defendant additionally contends that this amended designation is being used as a way to bypass Defendant's objections to Plaintiff's Fourth Amended Designation.  The Court addresses these arguments in turn.

### A.  Simon

Defendant objects that they are prejudiced by the late designation of Simon.  Defendant additionally objects to Simon's report with respect to his expert opinions regarding legal fees.  The Court addresses both of Defendant's concerns.

#### 1.  Late Designation

As to Simon, the parties agree that Simon is designated late pursuant to the rules.  Under Rule 37(c), "[i]f a party fails to provide information or identify a witness as required by Rule 26(a)

or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial unless the failure was substantially justified or harmless." *Torres v. City of San Antonio*, No. SA:14-CV-555-DAE, 2014 WL 7339122 at *1 (W.D. Tex. Dec. 23, 2014). When evaluating whether a violation of Rule 26 is harmless for purposes of Rule 37(c)(1), the Court looks to four factors: (1) the explanation for the failure to disclose; (2) the importance of the testimony/evidence; (3) potential prejudice to the opposing party in allowing the testimony/evidence; and (4) the possibility of a continuance to cure such prejudice. *Torres*, 2014 WL 7339122 at *1; *Hamburger v. State Farm Mut. Auto Ins. Co.*, 361 F.3d 875, 883 (5th Cir. 2004).

Here, Plaintiff made the late designation because the original expert designated to testify regarding attorneys' fees, Hunzkier, no longer works for the law firm representing Plaintiff in this action. Plaintiff added Simon, a current lawyer at the Voss Law Firm, to replace Hunziker. Further, while not essential to an element of their claim, an expert regarding attorneys' fees is important in order to establish reasonableness of the fees. Finally, the only potential prejudice raised by Defendant, that it did not have the opportunity to depose Simon or challenge his qualifications, can be cured by an extension of the discovery deadline and an extension of time to file a motion to challenge the expert. As such, after weighing these *Torres* factors, the Court finds the late designation harmless.

### 2. Report

Defendant argues that Simon has only been at the Voss Law Firm for a short time. Defendant points to a discrepancy in his report where he indicates that discovery is ongoing to show that he does not have sufficient knowledge to serve as an expert in this case. Defendant questions how Simon has obtained awareness of this matter because such discussion is missing

form his report. "As a general rule, questions relating to the bases and sources of an expert's opinion affect the weight to be assigned that opinion rather than its admissibility and should be left for the jury's consideration." *United States v. 14.38 Acres of Land Situated in Leflore Cty., Miss.*, 80 F.3d 1074, 1077 (5th Cir. 1996). Defendant's argument goes to the weight to be given Simon's testimony, which should be left to the trier of fact and these arguments are more appropriate for cross examination.

### B. Objections to Fourth Amended Complaint

Defendant asserts that seeking leave to file the Fifth Amended Designation is an attempt to circumvent Defendant's objections to the Fourth Amended Designation. However, other than adding Simon there are no material changes between the fourth and fifth amended designations. Accordingly, even though the Court is allowing a new designation, the Court will entertain the objections to the older designation. Defendant objects to the designation as untimely and claims that they are prejudiced based on Judge and Smith because the fourth amended designation materially alters the scope of their testimony. Defendant further asserts that Plaintiff did not properly served the designations on Defendant and violated due process in so doing. The Court will address Defendant's arguments in turn.

### 1. Max Judge

Between the third and the fourth amended designation, Plaintiff changed Judge's designation to say that he will testify on issues surrounding the property damage instead of roofing damage. While this was a late change to the expert report, as the Court did in its Order regarding Mayfield, the Court finds that this does not prejudice Defendant. The roof has never been at issue in this case. Further, Judge's designation always stated that he could also testify to anything that was in his report, which is made up of the scope and associated costs of repairing the damaged

brick veneer.[1]  Defendant has had Judge's report since the original designation, which was made on March 1, 2018.  Accordingly, the Court finds that the change is not "sandbagging" Defendant.  Thus, there is no prejudice to Defendant and if there is any prejudice the Court extension of the discovery deadline cures such prejudice.

### 2.  Mike Smith

Defendant complains that the Fourth Amended Designation added that Smith would discuss the Plaintiff's neighbors brick residences.  However, this has been part of Smith's designation since the first amended designation filed on June 6, 2018.  In fact, the only change between the third and fourth designation in relation to Smith actually narrowed the scope of his testimony, removing costs association with the remediation of hail-damaged brick veneer.  Accordingly, there is no prejudice to the change in Smith's declaration and any potential prejudice could be cured by the extension of the discovery deadline.

### 3.  Due Process

Defendant asserts that Plaintiff has not properly served many of their amended designations on Defendant and have instead improperly filed them with the Court, on some occasions without even seeking leave.  The Court acknowledges that Plaintiff has not filed the amended designations in the proper means established by the rules and cautions Plaintiff, in the future, to follow the Federal Rules of Civil Procedure and the Local Rules.  Further, to the extent, if any, the Fifth Amended Designation does not so comply Plaintiff shall comply.

---

[1] To the extent this changes the level of importance of Mayfield's testimony, the Court finds this change immaterial and would still allow Mayfield to testify because there is no prejudice to Defendant as the Court previously discussed in its prior Order.

### III.     Motion for Sanctions

In response to Plaintiff's Motion for Leave, Defendant asks the Court to sanction Plaintiff for his pattern of failure to follow the Federal Rules of Civil Procedure, Eastern District of Texas Local Rules, and the Court's Scheduling Order.  While the Court notes that this has not been the model of how to handle expert designations, the Court does not find Plaintiff's conduct rises to the level that would warrant sanctions in this case.

### CONCLUSION

It is therefore **ORDERED** Allstate Texas Lloyds's Combined Objections to Plaintiff's Fourth Amended Expert Designation and Report (DKT. #42-1) and Motion to Reconsider Memorandum Opinion and Order (DKT. #48) (Dkt. #56) is hereby **DENIED** and Plaintiff's Opposed Motion for Leave to File Fifth Amended Expert Designation and Report (Dkt. #61) is hereby **GRANTED**.  Moreover, the discovery deadline is hereby extended as needed to further depose any experts that are newly added or any expert where the scope has been substantially changed.  Further, if Defendant has any basis to file a motion to strike Simon, as he is newly designated, the Court does not foreclose Defendants' ability to file a motion for leave and motion to strike prior to Simon taking the stand at trial.

   **SIGNED this 6th day of September, 2018.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE